IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BETTY SHAW § | |
| § | |
| VS. § | |
| § | CIVIL NO. _____ |
| Luzette Watkins, City of Baytown; § | |
| Baytown Police Department; § | |
| and § | |
| C. Keith Dougherty § | |
| § | |

**PLAINTIFF'S ORIGINAL PETITION**
*& REQUEST FOR DISCLOSURE*

Plaintiff, Betty Shaw, files this original petition *and request for disclosure* against defendant, Baytown Police Department; Luzette Watkins; and Rene Hinojosa, and alleges as follows:

**A. DISCOVERY-CONTROL PLAN**

1.  Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.*3* and affirmatively pleads that this suit does not fall under the expedited-actions process of Texas Rule of Civil Procedure 169.

2.  **B. RELIEF**

3.  Plaintiff seeks monetary relief over $1,000,000. Tex. R. Civ. P. 47(c)(5).

**C. PARTIES**

4.  Plaintiff, Betty Shaw, is an individual, a residing in Harris County at 3600 Gail, Baytown, TX 77521.

5.  At all times relevant hereto, Defendant Luzette Watkins was a citizen of the United States and a resident of the State of Texas and was acting under color of state law in her capacity as a law enforcement officer employed by the Defendant City and/or of the Baytown

Police Department. Defendant Watkins is sued individually.

6. Defendant City & County of Harris, hereinafter "Defendant City" is a Baytown municipal corporation and is the legal entity responsible for itself and for the Baytown Police Department. This Defendant is also the employer of the individual Defendants and is a proper entity to be sued under 42 U.S.C. § 1983.

7. At all times relevant hereto, Defendant C. Keith Dougherty was a citizen of the United States and a resident of the State of Texas. Defendant C. Keith Dougherty is sued in his official capacity as the Chief of the Baytown Police Department, employed by the Defendant City and/or the Baytown Police Department, and was acting under color of state law.

8. As the Chief of the Baytown Police Department, Defendant C. Keith Dougherty both exercised and delegated his municipal final decision making power to the Internal Affairs Bureau and others. On information and belief, he also trained and supervised individual Defendant Watkins.

9. Defendant City and Defendant Watkins are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries. 18. The Defendant City is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant C. Keith Dougherty in his official capacity as the Chief of the Baytown Police Department, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

### D. JURISDICTION, VENUE, AND NOTICE

10. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 42 U.S.C. § 1983. This case is instituted in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

### E. FACTS COMMON TO ALL COUNTS

11. On January 26 2016, Luzette Watkins was an officer with the Baytown Police Department.

12. On January 26 2016, at 4000 Garth Road, Baytown, Texas, Harris County, Texas, A warrant for arrest of Plaintiff was issued by Baytown Police Department for forgery of checks belonging to Brittney Coffman, Plaintiff's daughter, related to student loans for Mrs. Coffman.

13. While Brittney Coffman was a student at the University of Houston, she was on student loans. Ms. Coffman lived on campus and later in off campus housing, however her student loan checks were going to her domicile at Plaintiff's address. Based on authorization from Ms. Coffman those checks were signed with permission, cashed, and used to pay for Mrs. Coffman's school and living expenses by her parents.

14. After Brittney Coffman finished school she informed her parents about her student loans and the current amount outstanding. Ms. Coffman's parents instructed her to

verify the amount outstanding at which point Ms. Coffman claimed a discrepancy and attempted a collections through a civil process. Following that failure she attempted to file charges with Montgomery County, Texas and Harris County, Texas Sheriff Departments. Both entities decline to pursue charges. Finally, Ms. Coffman went to Baytown Police Department, who employs her father as Sergeant in the patrol division (Sergeant Shaw)

15. Baytown Police Department elected to begin an investigation based on charge of forgery against the Plaintiff. Detective Luzette Watkins, asked Sergeant Shaw to come in and provide a recorded statement. At that meeting Sergeant Shaw, explained that he and their other daughter were present when Ms. Coffman authorized to sign the student loan checks with her permission and that the funds were to be used for Ms. Coffman's education at the University of Houston, as well as, living cost. Detective Watkins (#117), who was assigned to Investigations and Media Relations, conduct and questioning in the meeting concerned Sergeant Shaw that investigation was exceeding reasonable bound of investigation. In fact, advised the Plaintiff, not to give a statement prior to discussing with legal counsel. Plaintiff hired, former Harris County Assistant District Attorney Christopher Morton, to advise the Plaintiff of her legal rights and to accompany her to an interview with Detective Watkins. In that interview the Plaintiff, again explained that she signed with permission and that other witnesses were present when she was giving authorization by Ms. Coffman.

16. Detective Watkins, elected not to follow up with additional witness that were present when the authorization was given. She instead used her position and the Baytown Police Department as a collection agency to attempt to exhort payment from Plaintiff, with the threat of filing criminal charge of forgery against Plaintiff if the Plaintiff failed to agree to payment amount, terms, and conditions with Ms. Coffman.

17. After an agreement did not occur, Detective Luzette Watkins, followed through on the threat and filed charges with Harris County District Attorney's office against the Plaintiff on the charge of forgery. Which caused an issuance of an arrest warrant against Plaintiff, and required her bond herself out.

18. Once Plaintiff, who is a Registered Nurse, learned that charges were filed waited downtown all day to execute a non-arrest bond, in fear of being arrested would ruin her career and affect her licensing as a nurse in the State of Texas. That fear and duress continued untiled the charges were no billed.

19. When Detective Luzette Watkins presented the charge to District Attorney's office, the Detective purposefully failed to information related to witnesses to the authorization for the Plaintiff to sign. As well as, copies of the checks, that show Plaintiff signed with both her name and Brittney Coffman (Brittney Shaw).

20. This information was brought to the attention of Harris County District Attorney's office and a package from the Plaintiff was allowed to be presented to Grand Jury, specifying the information Detective Luzette Watkins purposefully failed to include in filing criminal charges, in order to get charges accepted, per her threat to the Plaintiff. With that information the Grand Jury found there was no probable cause for the charges and NO BILLED the charges.

21. For the reasons stated above City of Baytown, Baytown Police Department, and Chief of Police for the Baytown Police Department, C. Keith Dougherty, jointly or separately, negligently or otherwise failed to adequately and properly instruct, train, and supervise its agents on the applicable standard of law on probable cause, conducting police investigation,

Texas Penal Code 32.21, and proper procedures to present case to district attorney's office. Further, City of Baytown, Baytown Police Department, and Chief of Police for the Baytown Police Department, C. Keith Dougherty, jointly or separately, negligently or otherwise failed to adequately and properly instruct, train, and supervise its agents on the applicable standard of law for malicious prosecution and civil rights violation under Title 42 U.S.C. Section 1983, 4th and 14th Amendments of the United States Constitution. . In the alternative, Baytown Police Department and specifically Chief of Police for the Baytown Police Department, C. Keith Dougherty failed to institute the proper procedures to train and supervise officers in that department.

**F.** 42 U.S.C. § 1983 – Malicious Prosecution in violation of the Fourth and Fourteenth Amendments

22. Plaintiff incorporates all of the preceding paragraphs, including the allegations and photographs in the Introduction, as if they were fully set forth again at this point.

23. On January 26, 2016, a criminal prosecution for forgery was commenced against plaintiff by Baytown Police Department and Detective Luzette Watkins.

24. Defendant initiated plaintiff's criminal prosecution.

25. The prosecution terminated in plaintiff's favor on April 21, 2016, when grand jury found no probable cause existed and no billed the charges. (See exhibit B)

26. Plaintiff was innocent of the charge.

27. Defendant did not have probable cause to initiate the prosecution.

28. Defendant acted with malice.

29. Defendant's wrongful conduct caused the following damages: harm to reputation, emotional distress, cost of defense, lost wages, other specific pecuniary loss caused by the proceedings.

30. Plaintiff seeks damages for past mental anguish, future mental anguish.

31. Plaintiff seeks damages within the jurisdictional limits of this Court.

32. <u>Exemplary damages.</u> Plaintiff's injury resulted from defendant's malice, which

entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### G. COUNT 2 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. In the alternative to all other counts, defendant intentionally caused plaintiff emotional distress.

34. Plaintiff incorporates all of the preceding paragraphs, including the allegations and photographs in the Introduction, as if they were fully set forth again at this point.

35. Plaintiff brings suit against defendant in plaintiff's individual capacity.

36. Defendant's conduct as described above was intentional and/or reckless.

37. Defendant's conduct proximately caused severe emotional distress to plaintiff.

38. Plaintiff's severe emotional distress cannot be remedied by any other cause of action.

39. Defendant's wrongful conduct caused the following damages: harm to reputation, emotional distress, cost of defense, lost wages, other specific pecuniary loss caused by the proceedings.

40. Plaintiff seeks damages for past mental anguish, future mental anguish.

41. Plaintiff seeks damages within the jurisdictional limits of this Court.

42. <u>Exemplary damages.</u> Plaintiff's injury resulted from defendant's malice, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

43.15. Plaintiff seeks damages within the jurisdictional limits of this Court.

### H. JURY DEMAND

44. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### I. REQUEST FOR DISCLOSURE

45. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information, or material described in Rule 194.2.

### J. OBJECTION TO ASSOCIATE JUDGE

46. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## K. PRAYER

47. For these reasons, plaintiff asks that the Court issue citation for defendant to appear and answer, and that plaintiff be awarded a judgment against defendant for the following:

    a. Actual damages.

    b. Exemplary damages.

    c. Prejudgment and postjudgment interest.

    d. Court costs.

    e. All other relief to which plaintiff is entitled.

Respectfully submitted,

By: /s/ Kevin Wright
Kevin Wright
Southern District of Texas No. 1086340
Texas State Bar No. 24066698
Email: kw@kwrightlawfirm.com
735 Yale St.
Houston, Texas 77007
Tel. (713) 360-6690
Fax. (866) 524-6110
Attorney for Plaintiff
Betty Shaw