UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BETTY SHAW, §
 §
 Plaintiff, §
VS. § CIVIL ACTION NO. 4:16-CV-2868
 §
LUZETTE WATKINS, *et al*, §
 §
 Defendants. §

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**I.**

Pending before the Court is the motion to dismiss of defendants, officer Luzette Watkins, the City of Baytown and the Chief of Police, C. Keith Dougherty [DE# 5]. The Court, having considered the motion, the plaintiff's response [DE# 9] and the defendants' reply, finds that the motion is meritorious and that it should be granted.

**II.**

The plaintiff sued the defendants for malicious prosecution under the Civil Rights statutes, provisions 42 U.S.C. §§ 1983 and 1988. In addition to her federal claim, the plaintiff asserts a common law state cause of action for infliction of emotional distress. In summary, she asserts that Luzette Watkins, an officer with the Baytown Police Department, began an investigation concerning her based on a charge of "forgery" because she signed her daughter's name on one or more student loan checks and negotiated them. According to the plaintiff, her daughter was a college student and the recipient of certain student loan proceeds. After completing her college student tour, the daughter examined her student loan account and discovered that she did not receive all of the loan proceeds listed. She began an investigation

and, eventually, filed a complaint with the Baytown Police Department. Based on the daughter's complaint, officer Watkins investigated the matter and referred it to the Harris County District Attorney's Office. A warrant issued against the plaintiff for the offense of "forgery". The plaintiff posted a "no arrest" bond and the matter was referred to a Grand Jury. The Grand Jury, however, issued a "No Billed" on the referral. The plaintiff's suit followed.

### III.

The plaintiff contends that officer Watkins intentionally withheld information from the District Attorney and the Grand Jury in violation of state and federal law. As a result, the plaintiff contends, she was maliciously prosecuted. She also asserts that the City and the Police Chief were deliberately indifferent to her federal Constitutional rights. Thus, their decision to pursue the charge against her means that they engaged in policies, practices, customs in violation of federal law. Further she contends, their conduct reveals dereliction in training its officers and ratification and other conduct that violated the plaintiff's constitutional rights, particularly the Fourth Amendment and 42 U.S.C. §§ 1983 and 1988. Nevertheless, the Court finds that the defendants' motion to dismiss is meritorious and that it should be granted.

### IV.

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In essence, "the district court must examine the complaint to determine whether the allegations provide relief on any possible theory." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001.)

Under Rule 12(b)(6), a court will dismiss a complaint only if the "[f]actual allegations [are insufficient] to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Therefore, to survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1965. In this regard, the plaintiff has failed to plead facts that, viewed in the light most favorable to her, state a justiciable claim.

## IV.

The plaintiff's pleadings are clear and undisputed, and, when taken as true, do not state a plausible claim upon which relief can be granted. The pleadings show that the plaintiff's daughter filed a criminal complaint against her that resulted in a charge of "forgery". They further show that officer Watkins merely acted on that complaint. In the Court's view, the daughter's complaint was sufficient to meet the probable cause requirements for an investigation. Hence, officer Watkins was duty bound to investigate the charges and present her findings to the District Attorney and a Grand Jury. *See Castellano v. Fragazo,* 352 F.3d 939, 942 (5th Cir. 2004). And, although the Grand Jury did not return formal criminal charges, that outcome does not automatically favor the plaintiff. The plaintiff's reliance on the lack of a return from the Grand Jury as the basis for her malicious prosecution fails because a "No Bill" does not address the issue of probable cause. At all times, officer Watkins was acting in her official capacity, by which capacity, she was obligated to investigate the complaint. Therefore, she enjoys immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The Court finds that there was probable cause to investigate the violation and that officer Watkins is immune from prosecution.

The plaintiff's suit also fails because there is no evidence or pleadings supporting the plaintiff's claim that the City of Baytown established a policy, practices or custom, or failure to properly train its officers, that resulted in the charges brought by the plaintiff's daughter, or resulted from the ensuing investigation by officer Watkins. Something more than mere speculation is required. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010). In other words, officer Watkins was not obligated to advocate for the plaintiff or present the plaintiff's defenses to the Grand Jury. Because no particular facts associated with a policy, practice or custom are alleged, the plaintiff's claim against the City of Baytown and Chief Doughtery must be dismissed.

Finally, the plaintiff sued officer Watkins for intentional infliction of emotional distress. This state law claims is barred by statutory immunity. At all times, officer Watkins acted in her official capacity as a state police officer, which acts are protected by immunity. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f). Therefore, these claims must be dismissed.

For the foregoing reasons, the plaintiff's suit against the defendants is DISMISSED with Prejudice.

It is so Ordered.

SIGNED on this 4th day of May, 2017.

_____
Kenneth M. Hoyt
United States District Judge